IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ROGER B. YANDELL § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-461 |
| § | |
| THE STANDARD INSURANCE § | |
| COMPANY, § | |
| Defendant. § | |

**ORDER DENYING MOTION TO REMAND**

This lawsuit comes before the Court on removal from the County Court at Law No. 1 for Galveston County, Texas. On June 15, 2006, Defendant filed its Notice of Removal in the Houston Division of the Southern District of Texas, alleging diversity of citizenship. *See* 28 U.S.C. § 1332. On July 7, 2006, Defendant filed its Unopposed Motion for Intra-District Transfer, and the Honorable Keith P. Ellison granted the Motion to Transfer on the same day. On June 20, 2006, before the case was transferred to the Galveston Division, Plaintiff filed his Motion to Remand. On July 10, 2006, Defendant filed its Response to Plaintiff's Motion to Remand. For the reasons stated below, the Court respectfully **DENIES** Plaintiff's Motion to Remand.[1]

**I. BACKGROUND**

This case arises out of an alleged breach of contract and violation of the Texas Insurance Code for failure to properly pay a claim. Plaintiff Roger B. Yandell ("Plaintiff") seeks compensatory damages, attorneys' fees, and interest as a result of Standard Insurance Company's ("Defendant") denial of his long term disability insurance claim.

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

Prior to October, 2001, Plaintiff was a licensed physician practicing at the University of Texas Medical Branch in Galveston, Texas. He carried a disability insurance policy issued by Defendant. Plaintiff contends that he became disabled from his employment as a result of alcohol addiction, and Defendant does not dispute this fact. As a result of Plaintiff's addiction, his medical license was suspended for ten years, and he was terminated from his position as a physician at University of Texas Medical Branch.

Defendant paid Plaintiff benefits pursuant to the plan provisions consistently through May 31, 2003. From June, 2003 until March 31, 2004, Defendant paid Plaintiff's claims, but only after Plaintiff appealed denials and sent demand letters. Defendant has denied all claims made by Plaintiff subsequent to March 31, 2004. Plaintiff claims that his treating physicians determined that his disability lasted until May, 2005; thus, Plaintiff contends he is entitled to additional disability benefits from March 31, 2004 through May, 2005. Plaintiff claims Defendant is in breach of the long-term provisions of the disability plan and, alternatively or separately, that Defendant failed to promptly pay claims pursuant to Texas law. *See* TEX. INS. CODE ANN. §§ 542.051-542.061 (Vernon 2005) (requiring the prompt payment of claims).

Defendant filed an Answer in state court that contained a General Denial pursuant to Rule 92 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 92 ("A general denial of matters pleaded by the adverse party which are not required to be denied under oath, shall be sufficient to put the same in issue."). Defendant's Answer also listed three affirmative defenses: (1) that Plaintiff failed to state a claim for which relief can be granted; (2) that Defendant has performed all obligations under the policy and payment of further amount would be unjust enrichment; and (3) that the terms of the policy limit the amount Plaintiff can recover. Finally, Defendant submitted a "Prayer for Relief," in which it requested that Plaintiff take nothing and that Defendant "recover all of its attorneys' fees and costs of court from Plaintiff." Because Plaintiff claims Defendant's request

for attorneys' fees in its Prayer for Relief constitutes a counterclaim, Plaintiff has requested that this Court remand the case to County Court at Law No. 1.

## II.  LEGAL STANDARD

Generally, a defendant may remove an action from state to federal court if the action lies within the federal district court's original jurisdiction. *See* 28 U.S.C. § 1441(a).  Federal district courts have original jurisdiction over actions where there is either diversity of citizenship or the presentation of a federal question. *See* §§ 1331–32.  For a case to arise under the federal court's diversity jurisdiction, there must be complete diversity of the parties, and the amount in controversy must exceed $75,000. *See* § 1332.  Federal question jurisdiction requires that the action arise "under the Constitution, laws, or treaties of the United States." § 1331.

Unless the right to remove has been waived, a defendant may file a notice of removal within thirty days of receipt of the initial pleading. *See* § 1446(b).  However, in the event that a case is not removable at its inception, but later becomes so, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

A Defendant's right to remove is waived if Defendant seeks an adjudication on the merits in state court before removal. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003).  Such a waiver must be "clear and unequivocal." *Id.*  Simply participating in state court proceedings does not constitute a clear and unequivocal waiver. *Id.*

## III.  ANALYSIS

*A. Waiver of Right to Remove*

Plaintiff is a Texas resident.  Defendant claims to be incorporated and have its principal place of business in Oregon.  Plaintiff has not questioned that diversity of citizenship exists or that the

amount in controversy exceeds $75,000.  Instead, Plaintiff contends that the removal was inappropriate because Defendant, in its Prayer for Relief, requested to "recover all its attorneys fees." Plaintiff claims such a request amounts to a counterclaim and, as such, that Defendant requested affirmative relief in state court and should be barred from removing the case to federal court.

Defendant claims that the Prayer for Relief incorporates the same type of language "that is used in virtually every responsive pleading attorneys file."[2] (Def.'s Resp. to Pl.'s Mot. Remand 3). As such, Defendant contends the prayer did not clearly and unequivocally seek an adjudication on the merits.  Defendant also asserts that even if the prayer did constitute a counterclaim, it was a compulsory counterclaim and therefore did not constitute a waiver of its right to remove.

The Court agrees with Defendant's contentions.  The Prayer for Relief is not an adjudication on the merits, and, even if it were, it would be a compulsory counterclaim, which does not constitute a waiver. *See Landry v. Cross Country Bank*, 431 F. Supp. 2d 682, 687 (S.D. Tex. 2003) (Although filing a permissive counterclaim may waive defendant's right to removal, it is clear that in this jurisdiction, as well as others, the filing of a **compulsory** counterclaim does not."); *Hingst v. Providian Nat'l Bank*, 124 F. Supp. 2d 449, 452 (S.D. Tex. 2000) ("[S]imply filing an answer, making preliminary motions, and the like does not waive the right of removal.").  However, the Court will address Plaintiff's arguments in turn.

In support of its contention that Defendant's Prayer for Relief constituted a counterclaim and that Defendant's right to remove was waived, Plaintiff cites three cases.  First, Plaintiff cites *Texas Wool & Mohair Marketing Ass'n v. Standard Accident Insurance Co.*, a 1949 Fifth Circuit case in

---

[2]Defendant cites *O'Connor's Texas Civil Forms*, which provides a Prayer quite similar to the Prayer included in Defendant's Answer: "For these reasons, defendant asks the court to enter judgment that plaintiff take nothing, assess costs against plaintiff, and award defendant all other relief to which (he/she/it) is entitled." Michol O' Connor, O'Connor's Texas Civil Forms 277 (2004-2005).

which a defendant waived its right to remove when it filed an answer to a cross-claim in state court before removal. 175 F.2d 835, 838 (5th Cir. 1949). In *Texas Wool*, Standard Accident Insurance Company denied the merits of the cross-claim, and it asserted that it was "'but a surety'"and that any recovery against it "'should recover over against [Plaintiff].'" *Id.* The Fifth Circuit determined that Standard Accident Insurance Company waived its right of removal with this Answer. *Id.* Defendant in the current controversy claims *Texas Wool* is not consistent with current Texas law, which Defendant claims requires a motion for adjudication on the merits.[3] Further, Defendant claims that the current facts are clearly distinguishable from *Texas Wool*. The Court agrees with the second contention. In *Texas Wool*, the language that was found to have waived Standard Accident Insurance Company's right to remove was contained in the body of the answer; the language that allegedly waives Defendant's right to remove in the instant case was contained in the Prayer for Relief. Furthermore, the language in *Texas Wool* was unique to the claim, whereas the language used by Defendant in the current case is relatively standard language. The Court finds the claim that such language is a request for an adjudication on the merits absurd.

The other cases cited by Plaintiff are not binding on this Court. *Sood v. Advanced Computer Techniques Corp.*, 308 F. Supp. 239 (E.D. Va. 1969), was brought in Virginia, and *Isaacs v. Group Health, Inc.*, 668 F. Supp. 306 (S.D.N.Y. 1987), was brought in New York. Furthermore, both cases are distinguishable. In *Sood*, the defendant filed three cross-claims. *Sood*, 308 F. Supp. at 240. In *Isaacs*, the defendant filed two counterclaims and three cross-claims in state court before removing. *Isaacs*, 668 F. Supp. at 307. There was no allegation that a request for attorneys' fees in a prayer for relief waived a right to remove in either case. Therefore, even if the cases were binding, they would

---

[3]The Court neither agrees nor disagrees with Plaintiff's assertion that *Texas Wool* is not consistent with current law, as it is possible that the Fifth Circuit would consider the Standard Accident Insurance Company's pleading in *Texas Wool* to be a clear and unequivocal request for adjudication on the merits.

not be applicable to the instant case.

B. *Compulsory Counterclaim*

Defendant argues in the alternative that the Prayer for Relief request for attorneys' fee cannot constitute a waiver of the right to remove because if it were considered a counterclaim, it would be a compulsory counterclaim. Defendant's argument has merit. Under Texas law, a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." TEX. R. CIV. P. 97. A defendant's request for attorneys' fees related to defending the claim asserted against it arises out of "the transaction or occurrence that is the subject matter of the opposing party's claim," and the only parties needed for the adjudication of such a claim are the initial parties in the lawsuit. *Id.* Therefore, even if the Prayer for Relief were considered a counterclaim, it would be compulsory and would not constitute a waiver of Defendant's right to remove.

Accordingly, the Court holds that (1) the request for attorneys' fees in the Prayer for Relief is not a clear and unequivocal request for adjudication on the merits; and (2) even if the request were a request for adjudication on the merits, it would be a compulsory counterclaim. Therefore, the request does not constitute a waiver of Defendant's right to remove.

**IV. CONCLUSION**

Because the Court has subject-matter jurisdiction based on diversity of citizenship, and because this case was properly removed before Defendant made any clear and unequivocal requests for adjudication on the merits, the Court respectfully **DENIES** Plaintiff's Motion to Remand. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**

**DONE** this 5th day of October, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge